FILED

NOV - 1 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     KNB     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR., Inmate Booking No. 13719099,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE BAILEY DETENTION FACILITY; DOE NURSE; 1-5 DOES; CAPTAIN MADSON,<br><br>Defendants. | Civil No.   13cv2090 BEN (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND GARNISHING BALANCE FROM INMATE'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 3]; and**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff, David B. Turner, Jr., currently housed at the George Bailey Detention Facility, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3].

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $400 balance of the filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

U.S.C. §§ 1915(e)(2)(B) & 1915A; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *see also Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**B.   Inadequate Medical Care Claims**

It appears as though Plaintiff may have been a detainee at the time the claims found in his Complaint arose. Thus, the Eighth Amendment may not apply to him. *Bell v Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *see also Gibson v. Cnty.*

*of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [petitioner] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

Rather, if Plaintiff was a detainee at the time his claims arose, his conditions of confinement claims must be analyzed under "the more protective" substantive due process standard. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Wolfish*, 441 U.S. at 538-39 ("Absent a showing of an express intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987))). However, "the due process clause imposes, *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent'" to their needs. *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *see also Lolli v. Cnty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). The Court will therefore look to Eighth Amendment standards to determine the minimum level of protection afforded Plaintiff.

The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). "[A]n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (internal quotation marks omitted), *abrogated on other grounds by Sandin v. O'Conner*, 515 U.S. 472 (1995); *see also Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff claims that jail officials delayed in giving Plaintiff his laundry by four days. (*See* Compl. at 3.) Plaintiff alleges that as a result of this delay he developed "breathing problems" and "swelling of the face for 7 days." (*Id.*) A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's allegations that a delay in receiving laundry caused his face to swell for seven days is not sufficient for this court to find that this claim has facial plausibility.

Moreover, even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical need, he must also allege that each Defendant's response to his need

was deliberately indifferent. *Farmer*, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Here, Plaintiff alleges no facts sufficient to identify any individual whom he claims was deliberately indifferent. Plaintiff fails to identify any specific individual whom he claims is responsible for the alleged delay in receiving laundry which he alleges caused him to have a physical reaction. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). Here, there are no facts from which this Court could find any personal liability claim as to any individual jail official. Thus, the Court dismisses Plaintiff's Eighth Amendment claims for failing to state a claim upon which relief can be granted.

Plaintiff also names as a defendant the "George Bailey Detention Jail." (Compl. at 1-2.) However, an agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See Id.* "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the

constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *see also Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Brown*, 520 U.S. at 403-04; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the City or County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624.

Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the City or County of San Diego because he has failed to allege that any individual police officer's conduct conformed to an official city policy, custom or practice.

Accordingly, the Court must **DISMISS** Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

2. The Watch Commander, or his designee, shall collect from Plaintiff's prison trust account the $400 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL

PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5. The Clerk of Court is directed to mail a Court-approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: Nov. 1, 2013

HON. ROGER T. BENITEZ
United States District Judge