FILED

14 JAN 16 PM 2:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DG DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR., Inmate Booking No. 13719099,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE BAILEY DETENTION FACILITY; DOE NURSE; 1-5 DOES; CAPTAIN MADSON; 1 NURSE; 5 DOES; SERGEANT FARRIS; 3 JOHN DOES;<br><br>Defendants. | Civil No.   13cv2090 BEN (WMc)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b);**<br><br>**(2) DISMISSING CLAIMS FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES; AND**<br><br>**(3) DIRECTING UNITED STATES MARSHAL TO EFFECT SERVICE ON REMAINING DEFENDANTS** |

## I. PROCEDURAL HISTORY

On September 6, 2013, Plaintiff, David B. Turner, Jr., currently housed at the George Bailey Detention Facility, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff later filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 3.)

On November 1, 2013, this Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 5.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On November 12, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.) Once again, the Court dismissed Plaintiff's First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b). (ECF No. 7.) Plaintiff was again granted leave to file an Amended Complaint to attempt to correct the deficiencies of pleading. (*Id.* at 9.) Plaintiff has now filed a Second Amended Complaint ("SAC") which the Court finds contains some claims that survive the sua sponte screening process. However, the Second Amended Complaint does not correct many of the deficiencies of pleading identified by the Court on two prior occasions and Plaintiff raises new claims that clearly arose several months after the filing of the original Complaint. Plaintiff was not given leave to file new claims nor are these new claims exhausted as required by 42 U.S.C. § 1997e as they arose after the filing of the original Complaint.

In addition, Plaintiff no longer names as Defendants "2-5 Does, 1 Doe Nurse, 1 Nurse or 5 Does" in his Second Amended Complaint. (*See* SAC, ECF No. 8, at 1-2.) Plaintiff was cautioned in the Court's previous Orders that any Defendant not renamed in the Second Amended Complaint "will be considered waived." (*Id.*, citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Accordingly, Defendants 2-5 Does, 1 Doe Nurse, 1 Nurse and 5 Does are **DISMISSED** from this action.

**II.   SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

   **A.   Standard**

As the Court informed Plaintiff in the previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of

criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**B.    Deliberate Indifference to Serious Medical Needs Claims**

Here, the Court finds Plaintiff's allegations relating to deliberate indifference to a serious medical need found in "Count 1" and "Count 2" as to Defendants Captain

Madson and Sergeant Farris sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### C.  Monell Liability

Once again, Plaintiff also names as a Defendant the "George Bailey Detention Jail." (SAC at 1-2.) However, as the Court has repeatedly informed Plaintiff, an agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See id.* "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff does name the County of San Diego as a Defendant as well. (SAC at 1-2.) A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *see also Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

(9th Cir. 1996); *see Brown*, 520 U.S. at 403-04; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the City or County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624.

Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the City or County of San Diego because he has failed to allege that any individual police officer's conduct conformed to an official city policy, custom or practice. The Court has provided Plaintiff with two chances to correct these deficiencies, yet he has failed to do so. Accordingly, the Court **DISMISSES** the claims against the County of San Diego and the George Bailey Detention Facility without leave to amend for failing to state a claim upon which relief may be granted.

### D.   Access to Courts

Plaintiff claims that jail officials have tampered with his legal mail and interfered with his attempts to file administrative grievances that has denied him "access to courts." (SAC at 6.) Inmates do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Id.* at 828. To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to allege any actions with any particularity that have precluded his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement"). In addition, Plaintiff must also, but has failed to, describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal, or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope").

Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which relief may be granted.

**E.  Gate Money**

While not entirely clear, it appears that Plaintiff is attempting to allege a constitutional violation on the grounds that jail officials allegedly do not provide "gate money" upon their release unlike prisons run by the State of California. (*See* SAC at 6.) First, this claim is not yet cognizable as Plaintiff is currently incarcerated and therefore, he cannot state a claim based on an action that he speculates may happen at some future

time. Moreover, the entitlement to "gate money" is based on a California statute and the related state regulation.[2]

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Here, Plaintiff's claims relate to a purported violation of a state statute and not a federal law or constitutional violation.

### F.  Failure to Exhaust

Finally, all of the claims Plaintiff alleges in "Count 4" of his Second Amended Complaint are alleged to have occurred on December 3, 2013. The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless

---

[2] *See* CAL. PENAL CODE § 2713.1("In addition to any other payment to which he is entitled by law, each prisoner upon his release shall be paid the sum of two hundred dollars ($200), from such appropriations that may be made available for the purposes of this section. The department may prescribe rules and regulations. . . ."); CAL. CODE REGS. tit. 15, § 3075.2(d) ("Release Allowances. A release allowance is a sum of money intended for the rehabilitative purpose of assisting in an inmate/parolee's reintegration into society, and shall only be provided to an inmate who is released from prison to the direct supervision of a parole agent in the community, is placed on non-revocable parole, or is discharged from the jurisdiction of the Department of Corrections and Rehabilitation. Except as stipulated below, inmates with six months or more served on a sentence or parole violation shall be given $200, less the costs of clothing and public transportation provided by the facility in connection with their release. . . . (2) Inmates who are released to the custody of local law enforcement as a result of a detainer or hold are ineligible to receive a release allowance until the inmate is released from custody to direct parole supervision in the community. . . .")

of the relief offered through administrative procedures," *id.* at 741. Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006), that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means . . . a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002), holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See id.*; *see also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Here, Plaintiff alleges entirely new claims that arose several months *after* he filed this action. As stated above, Plaintiff must complete the exhaustion of his administrative remedies *before* he brings this action. *Id.* Accordingly, all of Plaintiff's claims brought in "Count 4" are dismissed pursuant to 42 U.S.C. § 1997e for failing to exhaust his administrative remedies prior to bringing this action. Because the only claims arising against Defendants "3 John Does" are in "Count 4," these Defendants are dismissed from this action.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants 2-5 Does, 1 Doe Nurse, 1 Nurse and 5 Does are **DISMISSED** from this action. *See King,* 814 F.2d 565, 567 (9th Cir. 1987). The Clerk of Court is directed to terminate these Defendants from the docket.

2. Defendants George Bailey Detention and County of San Diego are **DISMISSED** from this action, without leave to amend, for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Clerk of Court shall terminate these Defendants from the docket.

3. Plaintiff's claims found in "Count 3" of Plaintiff's Second Amended Complaint are **DISMISSED** from this action for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

4. Plaintiff's claims found in "Count 4" of Plaintiff's Second Amended Complaint are **DISMISSED** from this action for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. This dismissal is without prejudice to allow Plaintiff to file these claims in a separate action upon exhaustion of his administrative remedies. The Clerk of Court is directed to terminate "3 John Does" from this action.

**IT IS FURTHER ORDERED THAT:**

5. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 1) upon Defendants **Captain Madson and Sergeant Farris** and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of the Order granting Plaintiff IFP status (ECF No. 5), a certified copy of his Second Amended Complaint (ECF No. 1), and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and

summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

6. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: 1/16/14

HON. ROGER T. BENITEZ
United States District Judge