# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR., Inmate Booking No. 13719099,<br><br>                              Plaintiff,<br>vs.<br><br>GEORGE BAILEY DETENTION FACILITY; et al.,<br><br>                              Defendants. | CASE NO. 13cv2090 BEN (JLB)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 12]** |

   Presently before the Court is Plaintiff's Motion to Appoint Counsel. (ECF No. 12.) Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C § 1983. (ECF No. 1.) Plaintiff's Complaint was dismissed without prejudice for failure to pay the filing fees and for failure to move to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's subsequent Motion to Proceed *In Forma Pauperis* was granted (ECF No. 5) and Plaintiff's First Amended Complaint was dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 7.) Plaintiff was granted leave to file an amended complaint, and the Second Amended Complaint ("SAC") was filed on December 12, 2013. (ECF No. 17.) The Court, *sua sponte*, dismissed several claims and defendants for failure to state a claim and for failure to exhaust administrative remedies. (ECF No. 9.) On February 24, 2014, the remaining Defendants filed a Motion to Dismiss the SAC. (ECF No. 16.) On April 10, 2014, the Court denied without prejudice Defendants' Motion. (ECF No. 20.) The

Order informed Defendants that, based on new 9th Circuit precedent, a motion for summary judgment was the proper vehicle in which to raise the failure to exhaust argument. Defendants were instructed to file a motion for summary judgment on or before April 25, 2014, should they wish to proceed with the exhaustion argument. No such motion was filed. Defendants filed their Answer to the SAC on April 24, 2014. (ECF No. 25.)

The instant Motion to Appoint Counsel was filed on February 3, 2014. (ECF No. 12.) In support of his request for counsel, Plaintiff contends that "[t]his case will likely involve substantial investigation and discovery," and that "the issues in this case are complex." (ECF No. 12 at 1.) For the reasons set forth below, Plaintiff's request is hereby **DENIED** without prejudice.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

**A. Likelihood of Plaintiff's Success on the Merits**

To receive court-appointed counsel, Plaintiff must present a nonfrivolous claim that is likely to succeed on the merits. *Wilborn*, 789 F.2d at 1331. In his SAC, Plaintiff alleges causes of action arising under the Constitution for deliberate indifference to serious medical needs, in violation of his right to be free from cruel and unusual punishment. (ECF No. 8 at 4-5.) The events giving rise to these claims allegedly

1 occurred at San Diego County's George Bailey Detention Facility, where Plaintiff is
2 currently housed. (*Id.*)  In Count One, Plaintiff alleges that prison officials "denied,
3 delayed, and intentionally interfered with the weekly clothing exchange." (ECF No.
4 8 at 4.)  As a result, Plaintiff received unsanitized clothing and ultimately suffered a
5 major injury that made it difficult for him to breathe. (*Id.*)  He spent over a week in the
6 medical unit where he suffered from swelling of the face and skin, and from breathing
7 problems. (*Id.*)

8     In Count Two, Plaintiff claims that he was denied the right to emergency medical
9 care. (*Id.* at 5.)  Plaintiff alleges that he turned in a medical grievances form and that
10 is was received by prison officials because it had been time stamped with a date of
11 September 1, 2013. (*Id.*)  Plaintiff claims that his request for emergency medical care
12 was "denied by each prison official that was under the command of Captain Madson
13 and Sargent (sic) Farris. . . ." (*Id.*)  Plaintiff then made a grievance to the nurse at pill
14 call in the morning and was yet again denied. (*Id.*)   After "great delay and great
15 injury," Plaintiff was finally taken by car to the emergency room with a temperature of
16 109 degrees. (*Id.*)  Based on the foregoing conduct, Plaintiff alleges that Defendants
17 acted with deliberate indifference to a serious medical need. (*Id.*)

18     The Eighth Amendment requires that inmates have "ready access to adequate
19 medical care." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).   Deliberate
20 indifference to medical needs violates the Eighth Amendment's prohibition against
21 cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Deliberate
22 indifference to serious medical needs consists of two requirements, one objective and
23 the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  The plaintiff
24 must first establish a "serious medical need" by showing that "failure to treat a
25 prisoner's condition could result in further significant injury or the 'unnecessary and
26 wanton infliction of pain.'" *Jett*, 439 F.3d at 1069 (quoting *McGuckin v. Smith*, 974
27 F.2d 1050, 1059 (9th Cir. 1991)).   "Second, the plaintiff must show the defendant's
28 response to the need was deliberately indifferent." *Id*.  "[T]he official must be both

aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle*, 429 U.S. at 105-06).

Although Plaintiff's allegations may be sufficient to state a claim for relief, it is too early for the Court to determine Plaintiff's likelihood of success on the merits. Without additional factual information, the Court cannot conclude that the Plaintiff is likely to succeed. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

**B. Plaintiff's Ability to Proceed Without Counsel**

To be entitled to appointed counsel, Plaintiff must also show he is unable to effectively litigate the case *pro se* in light of the complexity of issues involved. *Wilborn*, 789 F.2d at 1331.

While Plaintiff argues that this case is complex, the Court finds that the remaining claims[1] in Plaintiff's SAC involve relatively straightforward allegations related to prison conditions-specifically unsanitary clothing-and the delay/denial of emergency medical treatment. (ECF No. 8 at 4-5.) Additionally, portions of Plaintiff's SAC have survived the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 9.) Thus, this Court finds that Plaintiff has demonstrated the ability to articulate essential facts supporting his claims, and he appears to have an adequate grasp of his case, as well as the legal issues involved. *Terrell*, 935 F.2d at 1017.

Plaintiff also argues that he is unable to afford legal counsel and that he has already been granted *in forma pauperis* status. (ECF No. 12.) However, indigence alone does not entitle a plaintiff to appointed counsel. Next, Plaintiff argues that his imprisonment will impair his ability to litigate. (*Id.*) While Plaintiff's imprisonment may complicate his efforts to litigate this case, Plaintiff has successfully amended his

---

[1] Count Three and Count Four were dismissed in the Court's *sua sponte* order. (ECF No. 9.) Count One and Count Two survived. (*Id.*) The only remaining Defendants are Captain Madson and Sergeant Farris. (*Id.*)

complaint three times and the remaining Defendants have been properly served. This suggests that Plaintiff has the ability to sufficiently navigate the legal process.

Because Plaintiff has not satisfied the standards required for an appointment of counsel in a civil action, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: June 2, 2014

JILL L. BURKHARDT
United States Magistrate Judge