**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID B. TURNER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE BAILEY DETENTION, *et al.* <br><br> Defendants. | CASE No. 13cv2090 BEN (JLB) <br><br> **REPORT AND RECOMMENDATION: DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> [ECF No. 33] |

Plaintiff David Turner, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. (ECF No. 8.) On July 2, 2014, Plaintiff moved for summary judgment. (ECF No. 33.) Defendants Captain John Madsen ("Madsen") and Sergeant Jill Farris ("Farris") filed a Response in Opposition on December 1, 2014. (ECF No. 37.) Plaintiff filed a Reply on January 2, 2015. (ECF No. 40.) The Court has considered the parties' submissions and the supporting documentation, and for the reasons set forth below hereby **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** without prejudice.

## I. BACKGROUND

**A. Procedural Background**

Plaintiff filed his Complaint on September 6, 2013. (ECF No. 1.) The Complaint was dismissed without prejudice for failure to pay the filing fees and for failure to move to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's subsequent Motion to

Proceed *in Forma Pauperis* was granted (ECF No. 5), and Plaintiff's First Amended Complaint was dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 7.) Plaintiff was granted leave to file an amended complaint. The Second Amended Complaint ("SAC") was filed on December 12, 2013. (ECF No. 17.)

The Court dismissed *sua sponte* several claims and defendants for failure to state a claim and for failure to exhaust administrative remedies. (*See* ECF No. 9.) On February 24, 2014, the remaining Defendants filed a Motion to Dismiss the SAC. (ECF No. 16.) On April 10, 2014, the Court denied without prejudice Defendants' Motion. (ECF No. 20.) The Court's Order informed Defendants that, based on new 9th Circuit precedent, a motion for summary judgment was the proper vehicle in which to raise the failure to exhaust argument. (*Id*.) Defendants were instructed to file a motion for summary judgment on or before April 25, 2014, should they wish to proceed with the exhaustion argument. (*Id*.) No such motion was filed. The remaining two Defendants - Madsen and Farris - filed their Answer to the SAC on April 24, 2014. (ECF No. 25.) On July 2, 2014, Plaintiff filed the instant Motion for Summary Judgment. (ECF No. 33.)

**B. Plaintiff's Factual Allegations**

In his two remaining claims, Plaintiff asserts that Defendants Madsen and Farris violated Plaintiff's Eighth Amendment rights when they acted with deliberate indifference to his serious medical needs. (ECF No. 8.)

In his first claim, Plaintiff argues that Defendant Madsen "denied, delayed, and intentionally interfered with the weekly clothing exchange." (*Id*. at 4.) As a result, Plaintiff received unsanitized clothing on July 19, 2013, causing Plaintiff to develop breathing problems, facial swelling, and skin irritation. (*Id*.) Plaintiff argues that Defendant Madsen's deliberate indifference to Plaintiff's medical needs amounted to cruel and unusual punishment. (*Id*.)

//

In his second claim, Plaintiff alleges that both Defendants Madsen and Farris intentionally denied and interfered with Plaintiff's ability to obtain emergency medical care. (*Id*. at 5.) Plaintiff claims that on the morning of September 1, 2013, Plaintiff "could not eat at all because of great pain to his head and chills that made it hard to breath[e], and [Plaintiff] could not sleep." (*Id*.) Plaintiff made verbal grievances to prison officials under the command of Defendants Madsen and Farris. (*Id*.) Each verbal grievance was denied. (*Id*.) Plaintiff alleges that he made a grievance to the nurse at pill call in the morning, but that his grievance was interfered with by the deputy on duty at the time. (*Id*.) Plaintiff argues that he was in need of serious medical care and that Defendants acted with deliberate indifference to that need. (*Id*.) Plaintiff continued to seek medical care all day and even spoke with Defendant Farris, who continued to deny Plaintiff's request for emergency medical care. (*Id*.) "After great delay and great injury to [Plaintiff's] health . . . [Plaintiff] was taken to medical . . . and [eventually] to the emergency room . . . for treatment." (*Id*.)

## II.  STANDARD OF REVIEW

Summary judgment is appropriate on "all or any part" of a claim if there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, the fact could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *See Celotex*, 477 U.S. at 323-24.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex*, 477 U .S. at 323. "The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue

for trial." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (citing *Celotex*, 477 U.S. at 324).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoted by *Miller*, 454 F.3d at 987).

"In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case." *Miller*, 454 F.3d at 987 (citing *Celotex*, 477 U.S. at 325). "Thus, '[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Miller*, 454 F.3d at 987 (quoting *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (internal quotations omitted)).

A genuine issue at trial cannot be based on disputes over "irrelevant or unnecessary facts . . . ." *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Similarly, "[t]he mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). To successfully rebut a properly supported motion for summary judgment, the nonmoving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [nonmoving party's] favor, could convince a reasonable jury to find for the [nonmoving party]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed.

1  R. Civ. P. 56; *Celotex Corp.*, 477 U.S. at 323; *Liberty Lobby, Inc.*, 477 U.S. at 249).
2  More than a "metaphysical doubt" is required to establish a genuine issue of material
3  fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).
4  While the district court is not required to search the entire record for an issue
5  of fact, the court may nevertheless exercise its discretion to consider materials in the
6  record that are not specifically identified. *Carmen v. San Francisco Unified Sch. Dist.*,
7  237 F.3d 1026, 1031 (9th Cir. 2001).

### III.  DISCUSSION

9  In his Motion for Summary Judgment, Plaintiff asserts that "all of [his] pleadings
10 are true and cannot be disproved by any named defendant" and that he is entitled to the
11 relief sought. (ECF No. 33 at 2.)
12 In their opposition to Plaintiff's Motion, Defendants argue that "the burden of
13 offering evidence in opposition to the motion for summary judgment has not shifted to
14 them because [Plaintiff] fails to support the motion with any evidence." (ECF No. 37
15 at 3.) Additionally, Defendants contend that their declarations and supporting
16 documentation raise triable issues of material fact, such that the Motion should be
17 denied. (*Id*.)
18 The Eighth Amendment's cruel and unusual punishment clause "is specifically
19 concerned with the unnecessary and wanton infliction of pain in penal institutions" and
20 is only applicable to prisoners. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). A prison
21 official's deliberate indifference to a substantial risk of serious harm to an inmates'
22 health violates the Eighth Amendment because it constitutes the "unnecessary and
23 wanton infliction of pain." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also*
24 *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976); *McGuckin v. Smith*, 974 F.2d 1050,
25 1059 (9th Cir.1992) (overruled on other grounds). "[A] prison official cannot be found
26 liable under the Eighth Amendment for denying an inmate humane conditions of
27 confinement unless the official knows of and disregards an excessive risk to the
28 inmate's health or safety . . . ." *Farmer*, 511 U.S. at 837. Even if a prison official

1  "should have been aware of the risk, but was not, the [official] has not violated the
2  Eighth Amendment, no matter how severe the risk." *See Gibson v. County of Washoe,*
3  *Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002). Accidents, inadvertent failures to provide
4  medical care, malpractice, and even gross negligence will not suffice to demonstrate
5  deliberate indifference. *McGuckin*, 974 F.2d at 1060; *Estelle*, 429 U.S. at 106; *Wood*
6  *v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a mere delay in
7  medical treatment, absent a showing of resulting substantial harm, is insufficient to
8  support an Eighth Amendment violation. *Shapley v. Nevada Bd. of State Prison*
9  *Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

## A. Claim One for Deliberate Indifference - Defendant Madsen

Plaintiff contends Defendant Madsen acted with deliberate indifference to his serious medical needs when Defendant Madsen furnished Plaintiff with unsanitary clothing. (ECF No. 8 at 4.)

Plaintiff has failed to provide any evidence to support his claim.[1] While Plaintiff purports to attach an affidavit as Exhibit One to his Motion for Summary Judgment, no such document is attached. Instead, Exhibit One to Plaintiff's Motion is a letter from the County of San Diego providing Notice of Rejection of Claim. (See ECF No. 33 at 1, 4.) Additionally, Plaintiff's Reply states "the defendants [were] employed at all relevant times and acted within the scope of their employment at all relevant times . . . ." (ECF No. 40 at 1.) "The records in this case show[] that [Plaintiff] was shown disrespect and deliberate indifference by the defendant[] . . . ." (*Id*. at 2.) However, Plaintiff fails to attach any supporting records, documents, or evidence of any kind.

Accordingly, Plaintiff has not met his burden of setting forth evidence that demonstrates the absence of a genuine issue of material fact. Instead, Plaintiff relies solely on the allegations in his unverified Second Amended Complaint.

---

[1] The Court notes that Plaintiff's Second Amended Complaint is not a verified pleading. (ECF No. 8.) "A pleading counts as 'verified' if the drafter states under penalty of perjury that the contents are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir. 1995)).

Although the burden has not shifted to them, Defendants have produced supporting documentation that raise genuine issues of material fact. Defendant Madsen's verified declaration states that his "duties as facility commander do not include the distribution of clothing to inmates or supervision of deputies distributing clothing . . . ." (ECF No. 37-3 at 1.) Furthermore, Defendant Madsen's declaration indicates that he was on vacation from July 15, 2013 through July 19, 2013 and did not have any contact with Plaintiff on any of those days. (*Id*. at 1-2, 4.) This evidence raises a triable issue of fact as to whether Defendant Madsen knew of the alleged conduct, let alone personally participated, and thus whether he can be liable under Section 1983 individually or in his supervisory capacity.

Additionally, Defendants have furnished a document titled "Sheriff's Department Area Activities Summary Laundry Exchange." (ECF No. 37-1 at 4.) Defendants contend that this record shows that Plaintiff "had his old clothing . . . exchanged on July 18, 2013 for laundered clothing and linen . . . ." (ECF No. 37 at 6.) Defendants argue that this evidence raises a triable issue of material fact as to whether Plaintiff actually received unsanitary clothing and linens. (*Id*.) Finally, Plaintiff's medical records also raise an issue of material fact as to whether the medical conditions Plaintiff complained of were in fact caused by the allegedly unsanitary clothing exchange. (ECF No. 37-1 at 6-10.) The records indicate that Plaintiff was treated for an allergic reaction to something he had eaten. (*Id*. at 10.)

Plaintiff has failed to meet his burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Furthermore, viewing the evidence in the light most favorable to Defendants, the Court finds that Defendants have provided the evidentiary support necessary–beyond mere denial–that is required to defeat a motion for summary judgment. Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** as to Claim One.

//

//

**B. Claim Two for Deliberate Indifference - Defendants Madsen and Farris**

In his second claim, Plaintiff argues that Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 8 at 5.) Plaintiff claims that prison officials under the command of Defendants Madsen and Farris denied him medical care and that Defendant Farris personally denied and intentionally interfered with his ability to receive medical assistance. (*Id*.)

**1. Defendant Farris**

Plaintiff has again failed to provide documentation or evidence of any kind to support his claims. Instead, Plaintiff relies solely upon the allegations of his unverified pleading.

Although the burden has not shifted to them, Defendants have produced supporting documentation that raise genuine issues of material fact. In arguing that Plaintiff's claim fails, Defendants provide evidence demonstrating that Defendant Farris was not present at the time of the alleged conduct and was not aware of Plaintiff's medical needs. (ECF No. 37 at 5.) Defendant Farris has provided a verified declaration stating that she "was not working or on duty in the George Bailey Detention Facility either on August 31, 2013 or September 1, 2013" and that she did not have any personal contact with Plaintiff on either of those days. (ECF No. 37-2 at 1.) Attached as exhibits to the declaration are deployment rosters for the two dates in question. (*Id*. at 4-8.) Defendant Farris is not listed on either roster. (*Id*.)

The Court finds that Plaintiff has failed to meet his burden of proving the absence of disputed material facts. Furthermore, Defendants have made a sufficient showing that genuine issues of material fact remain. Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** as to Claim Two against Defendant Farris.

//
//
//

### 2. Defendant Madsen

Plaintiff does not claim that Defendant Madsen personally denied him medical care. Rather, Plaintiff alleges that he was denied medical care by "each prison official that was under the command of [Defendant] Madson (sic) . . . ." (ECF No. 8 at 5.)

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, a plaintiff must establish that each individual "Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. In other words, supervisory officials "cannot be held liable unless they themselves . . ." violated a constitutional right. *Id*. at 683. Thus, supervisory liability can only be imposed if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal citations omitted).

To support his allegations of supervisory liability, Plaintiff must produce some evidence demonstrating a causal connection between Defendant Madsen's conduct as a supervisor and Plaintiff's injury. *Hansen*, 885 F.2d at 646. Plaintiff has provided no such evidence and thus has not met his burden as the moving party. Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** as to Claim Two against Defendant Madsen.

### IV. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** without prejudice.

1  This Report and Recommendation of the undersigned Magistrate Judge is
2  submitted to the United States District Judge assigned to this case, pursuant to the
3  provisions of 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d).

4  **IT IS HEREBY ORDERED** that **no later than February 19, 2015**, any party
5  may file and serve written objections with the Court and serve a copy on all parties.
6  The documents should be captioned "Objections to Report and Recommendation."

7  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed and
8  served **no later than March 2, 2015**. The parties are advised that failure to file
9  objections within the specific time may waive the right to raise those objections on
10  appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

11  **IT IS SO ORDERED.**

13  DATED:  February 2, 2015

14  _____
    **JILL L. BURKHARDT**
15  **United States Magistrate Judge**